In the Matter of Jose
AROSEMENA, Debtor.

Kimberly WHITE, Plaintiff,

v.

Jose AROSEMENA, Defendant.

Bankruptcy No. 85–972.
Adv. No. 85–252.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 27, 1986.

Douglas Menchise, Clearwater, Fla., for plaintiff.

Richard Zeller, St. Petersburg, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE ABOVE–CAPTIONED adversary proceeding in this Chapter 7 case was initiated by a one-count Complaint seeking a determination that the Debtor's obligation to pay all joint debts incurred during the marriage by Jose Arosemena (Debtor) and his former wife, Kimberly White, the Plaintiff who instituted this adversary proceeding, is a non-dischargeable obligation. It is the contention of the Plaintiff that an obligation owed by the Debtor to her based on an agreement to hold her harmless of a debt owed by both of them to Ms. White's mother in the amount of $20,000 is, in fact, an obligation based on support and is non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

In opposing the claim for relief, the Debtor contends that inasmuch as the obligation to repay marital debts, including this particular obligation, was not designated as alimony, therefore it is dischargeable and is within the overall protection of the general bankruptcy discharge.

The parties stipulated that this Court may consider the transcript of the final dissolution hearing in State Court and the Final Judgment of Dissolution which was issued by the Circuit Court as a result. Based on those documents and the evidence presented at the final evidentiary hearing in this matter, the Court finds the relevant facts to be as follows:

The Debtor, Jose Arosemena, is a practicing physician who was married to Kimberly White on September 16, 1983. Shortly after their marriage the parties contracted to buy a new home to be their residence. The down payment for this purchase was paid with $14,000 of the Debtor's funds and $20,000 loaned to the couple by Kimberly's mother. Although the obligation to repay this loan was not reduced to writing, it is undisputed that the entire principal loaned was to be due and payable at the end of three years. It further appears that during the interim the Debtor was to pay $273.00 per month to Kimberly's mother. Although the agreed rate of interest was 13.5%, if the monthly payments made were actually applied to interest rather than principal, the percentage rate would be much higher. There was no mortgage recorded to secure the loan.

The Plaintiff's Petition for Dissolution of Marriage, attached to the Joint Stipulation of Undisputed Facts, signed by the Plaintiff, reveals that although Kimberly White claimed a special equity in the marital home in the amount of $27,000, no alimony or support was requested by her. The Final Judgment of Dissolution did not find that Kimberly White had a special equity in the house in any amount and did find that the Debtor had a special equity in the house and, therefore, ordered that Kimberly White transfer any and all interest she had in the real property to the Debtor within 15 days. The Debtor was ordered to pay all joint marital debts, including the subject debt to Barbara White, and to hold Kimberly White harmless from those debts.

The law is well established that under § 523(a)(5) this Court is required to examine a debt which arises as a result of or in connection with a divorce decree and to determine not only whether the subject debt is designated by the state court to be alimony, maintenance or support but to look beyond the labels and make an independent determination whether such liability is actually in the nature of alimony, maintenance or support. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir., 1984); *In re Hall*, 40 B.R. 204, 69 Bank. L. Rep. (CCH) 934 (Bankr.M.D.Fla.1984).

In the instant case, no alimony, maintenance or support was requested by the Plaintiff in her Petition for Dissolution. She sought a special equity in the real estate by virtue of the $20,000 loan from her mother and that request was denied and the Debtor, rather than the Plaintiff, was awarded a special equity in the property. Having received all of the assets of the marital estate, the Debtor was required to pay all joint marital debts. Further, while this Court is not bound by Florida State law concerning the factors to be considered in an award of alimony, this Court is satisfied that the duration of the marriage in this case, nine months, should preclude the finding that the hold harmless decree was in the nature of alimony or support.

Based on the foregoing, this Court is satisfied that the obligation of the Debtor to Kimberly White is not in the nature of alimony, maintenance, or support and must, therefore, be found to be dischargeable.

A separate final judgment will be entered in accordance with the foregoing.