**In the Matter of Kenneth Edward NORTON, Debtor.**

**Judith Fern NORTON, Plaintiff,**

v.

**Kenneth Edward NORTON, Defendant.**

Bankruptcy No. 85–1939.
Adv. No. 85–351.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1986.

Joseph S. Rodriques, St. Petersburg, Fla., for plaintiff.

William P. Gregg, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding, and the matter under consideration is a nondischargeability vel non of an admitted debt owed by Kenneth Edward Norton, a Debtor in a Chapter 7 case, to Judith Fern Norton, his former wife, who instituted this adversary proceeding. The debt under consideration is based on a final judgment entered by state court dissolving the marriage of the Plaintiff, Judith Norton, and the Debtor, which also incorporated a property settlement agreement which *inter alia* provided that the Debtor agreed to pay to the wife a lump sum of $25,000 payable in $300 monthly installments without interest until it is paid in full.

In addition, the property settlement provided that the husband, that is the Debtor, shall be entitled to $1,528.50 which represents his half interest of the proceeds then held in escrow as a result of a sale of a condominium property owned by the Debtor and his former wife. The Debtor was also directed to pay $750 to the attorney of Judith Norton, his former wife. The record further reveals that the parties were married on December 3, 1959, and this was the first marriage of both parties. Although there were three children born out of this marriage, all reached majority and they are no longer dependent either on the Plaintiff or on the Debtor. Both parties were employed during the marriage. The Plaintiff worked as a registered nurse, and the husband was an accountant by training.

The condominium mentioned earlier was sold at a substantial loss because there were two mortgages on the condominium, and after both were paid off from the sale proceeds, there was only $3,000 cash left, out of which the Debtor was to receive, as noted earlier, $1,528.50. It appears that the Debtor borrowed $60,000 for a business venture which loan was secured by the second mortgage on the condominium. The second mortgage was satisfied from the sale, and the award of $25,000 by the property settlement appeared to have been made to compensate the Plaintiff for her loss of the equity in the condominium.

There's no evidence in this record as to the comparative financial status of the parties after the dissolution of the marriage. The Debtor made the monthly payments pursuant to the property settlement agree-

ment beginning August 1984 and until 1985 but stopped making payments and filed his petition for relief under Chapter 7 on July 19, 1985.

Based on the foregoing, it is the contention of the Plaintiff that the award made to her by the property settlement and incorporated by the final decree of dissolution of marriage represents a provision for support, and therefore, is within the exceptive provisions of the general protective provisions of the Bankruptcy Code granted by a discharge.

Bankruptcy Code § 523(a)(5) provides in pertinent part as follows:

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Thus it is clear that obligations based on a spouse to pay alimony, maintenance, or support either to a spouse or to children are nondischargeable obligations, but it is equally clear that provisions which cannot be fairly determined to fall within this exception are dischargeable including provisions dealing with property settlements in connection with dissolution of marriage proceedings.

■ The question of what constitutes alimony or support is to be determined under the federal law and not state law. *H.R. Rep. No. 595, 95th Cong., 1st Sess. 2 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; see also In re Pody,* 12 B.C.D. 492, 42 B.R. 570 (Bankr.N. D.Ala.1984); *In re Newman,* 15 B.R. 67 (Bankr.M.D.Fla.1981); *In re Jose Aroseme-*

*na,* 63 B.R. 55, (Bankr.M.D.Fla.1986); *In re Story,* 36 B.R. 546, (Bankr.M.D.Fla.1983).

■ The bankruptcy court when called upon to determine this question, will look to the substance of the agreement and will disregard labels. This Court must attempt to ascertain the parties' and the divorce court's intent in determining whether an obligation created in a divorce decree is dischargeable in bankruptcy. *In re Usher,* 442 F.Supp. 866 (N.D.Ga.1977), in which the Court held that

"It is equally evident ... that courts will look to the substance of the agreement or the final decree dissolving the marriage rather than the label the parties elected to use or the court placed on the particular obligation."

The property settlement as incorporated by the final decree of divorce makes no mention of alimony provisions for the wife, but a fair reading of the property settlement clearly indicates that it was a settlement in cash to compensate the spouse, that is the Plaintiff, for the loss of equity in the condominium which was due to the loan secured by a second mortgage which was used in a failed business venture of the husband. The decree of divorce which made the award provided that the cash settlement will continue without regard to a change in the financial circumstances of either party or by a remarriage of the wife, and the payments shall discontinue only upon death of either of the parties. All these clearly indicate to this Court and this Court is satisfied that the provisions are, in fact, in the nature of a property settlement, and therefore, is within the overall protective provisions of the general bankruptcy discharge. This being the case, the claim for relief asserted by the Plaintiff is without merit and must be denied. A separate final judgment will be entered in accordance with the foregoing.