In re Allen W. SHAW, Debtor.

**Bankruptcy No. B85–2269.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Oct. 7, 1986.

Robert Otto Carson, Bedford, Ohio, for debtor.

Steven Slive, Cleveland, Ohio, for creditor.

Myron E. Wasserman, Cleveland, Ohio, Trustee in Bankruptcy.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the objection of the Debtor, Allen W. Shaw, to a proof of claim filed by his former spouse, Jana R. Shaw, and the objection to confirmation of Plan filed by Jana R. Shaw. Due notice of the hearing was made upon all parties entitled thereto.

Pursuant to the requirements of Rule 7052 of the Bankruptcy Rules of Procedure, the following constitutes the findings of this Court:

The Debtor, Allen W. Shaw, caused to be filed his petition under Chapter 13 proceedings in September of 1985, seeking, *inter alia,* to discharge a certain indebtedness which resulted from an earlier divorce proceeding adjudicated in the Domestic Relations Division of the Common Pleas Court of Cuyahoga County (*Shaw v. Shaw*, No. D152422, June 15, 1985). During the course of the Chapter 13 proceedings, the Debtor's former spouse, Jana R. Shaw, and her attorney objected to the confirmation of Debtor's Plan and filed proofs of claims for debts classified by Jana R. Shaw as nondischargeable alimony. These claims, purportedly, were predicated upon the terms of the divorce decree and an alleged in-court (Domestic Relations) settlement, and concern a $2,000.00 fee to be paid to the attorney of Debtor's former spouse.

In his dispute of the subject claims, the Debtor contends that the in-court settlement agreement, which was submitted to the Domestic Relations Court by his former spouse, did not embody the true agreement of the parties. He further contends that should this Court determine that the separation agreement does correctly reflect the terms agreed to by the parties therein, his disputed financial obligation is nevertheless dischargeable under the Bankruptcy Code, per § 523.

■ The pivotal issue before the Court for determination is whether there is an enforceable embodiment of terms relating to nondischargeable alimony rights set forth in the Separation Agreement. In approaching this issue, the Court's attention is principally directed to the requirements of 11 U.S.C. § 523, wherein a debt is nondischargeable only if it is specifically excepted under one of the subsections of § 523. In the adducement of evidence supporting its position, Rule 4005 of the Bankruptcy Procedural Rules places the burden of proving the objection on the party seeking nondischargeability. Such burden is to be proved by a fair preponderance of the evidence. *In Re Wightman*, 36 B.R. 246, 250 (Bankr.D.N.D.1984). Therefore, in the matter at bar, it is incumbent upon Jana Shaw, Debtor's former spouse, to establish by the requisite burden of proof that her debt is within one of the statutory exceptions.[1]

It is well-established that for a debt to be nondischargeable under § 523(a)(5), the subject indebtedness must be for or in the nature of alimony or support. The agreement for such maintenance or support can not be wholly unrelated to one of the aforesaid documents. If it is, liability for the maintenance or support will be deemed dischargeable.

Our approach to a determination of this issue is further guided by the long-standing maxim that dischargeability is to be determined by the substance of the liability, as opposed to its form. *See, Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), Further, the scope of the Court's determination of this matter is confined to whether the supporting documentation expressed any duty of support. In examining these supporting documents to ascertain the intent of the parties, the applicable test is whether the payment obligation is directly referrable to a matrimonial obligation for alimony, maintenance or support. *See, Golden v. Golden*, 411 F.Supp. 1076 (S.D.N.Y.1976); *affirmed*, 535 F.2d 213 (2d Cir.1976); *See, also, In Re: Spong*, 661 F.2d 6 (2d Cir.1981); *In Re Hill*, 26 B.R. 156 (Bankr.S.D.Ohio 1983).

The disputed payment obligations in the matter at bar concern the attorney fees for the Debtor's former spouse's attorney, child support obligations, and certain alleged alimony obligations.[2] First the Court will address the Creditors' contentions that the Debtor owed certain sums which represented alimony, to which the Debtor seeks a discharge. The Judgment Entry of Divorce, which was decreed by the State court and signed by the parties' respective counsel, was prepared by the former spouse's lawyer and provided at page 4 that the Debtor would pay his former spouse's attorney the sum of $2,000.00 in $100.00 installments, "as and for alimony and property division." It is further noted at the end of said Judgment that the Debtor's counsel signed the Judgment with a reserved comment which read "Objection to substance[,] signature to form only." The testimony received at the hearing of this matter further presented controverted evidence regarding the objection of the Debtor to the judgment's substance. Subse-

---

1. Exceptions to discharge are strictly construed in favor of the debtor. A creditor objecting to the dischargeability of a debt bears the burden of proof that the debt is properly within one of the statutory exceptions. *In Re Deatherage*, 55 B.R. 268 (Bankr.E.D.Tenn.1985), *citing In Re Presler*, 34 B.R. 895 (Bankr.M.D.Tenn.1983).

2. Both, the Debtor's former spouse, Jana Shaw, and her attorney Steve H. Slive, objected to the Debtor's Chapter 13 Plan.

quent to the journalization of the divorce decree, but prior to this Court hearing the present matters, the Debtor caused to be filed in the State court a motion to have his former spouse appear and show cause why she should not be held in contempt for misrepresenting terms of the Separation Agreement which merged into the final decree of divorce.[3]

The underlying Separation Agreement that was executed between the Debtor and his former spouse was exhibited to the Court and was examined. The Separation Agreement contained several sections. As an expression of the parties' assent to each of the sections thereof, they affixed their respective initials thereto. Of particular note, it is remarkable that of the several items initialed, there was no initial by either party at the section entitled "Separate Maintenance And Support (Alimony)," at page 2 of the Separation Agreement. Even the handwritten page which was inserted by the parties between pages 2 and 3 of the Separation Agreement (referred to by the parties as page 2.5), is significant and reads:

> "husband will pay Sohio, May Co, Shell & AMCO if accounts are still open, or balances outstanding. All debts pd or to be pd by husbands, are paid as a form of alimony, & husband shall not discharge said obligation, in bankruptcy court."

Again, an examination of page 2.5 of the Separation Agreement where the above-quoted entry was entered does not contain the initials of either the Debtor nor of his former spouse as an expression of their assent to this later insertion. Even the testimony of Jana Shaw, upon examination, revealed that the Debtor did not agree to the inserted language which appears above. On the other hand, also at page 2.5, the Debtor and his former spouse both affixed their signatures to another handwritten entry pertaining to a division of financial responsibilities for the college education of their minor child. This was the

only other entry contained on page 2.5 of the Separation Agreement.

These findings are to be considered and compared with the several items of indebtedness listed on the Debtor's Chapter 13 Statement, as the Bankruptcy Court may look beyond the borders of the divorce decree and separation agreement in reaching its findings. *In Re Carrigg*, 14 B.R. 658 (Bankr.D.S.C.1981). Therein, it is observed that the Debtor has listed, among numerous unsecured debts, the following debts:

| Creditor's Name | Amount |
| --- | --- |
| Amoco Oil Company | $ 211.00 |
| May Company | Unknown (disputed) |
| Jana Shaw (Alimony & Child Support) | 2,000.00 (disputed) |
| Steve Slive (Atty. fees for Jana Shaw) | 2,000.00 (disputed) |
| Standard Oil Company | 300.00 |
| Shell Oil Company | 40.00 |

At the end of each page setting forth the indebtedness of the Debtor in his Chapter 13 Statement, his signature appears thereon as an acknowledgement of the accuracy of the information contained therein. It is of significant note that the indebtedness to both Jana Shaw and Steve Slive are listed as being in dispute for the full amounts claimed. Such notations are consistent with the lack of signatures or initials on the handwritten comments addressing alimony on the inserted page 2.5 of the Separation Agreement heretofore mentioned. This is further consistent with Paragraph Six of the Separation Agreement, entitled "Separate Maintenance And Support (Alimony)," which reads:

> "No provision is intended, claimed or made herein for the care, support and maintenance of either Husband or Wife and all rights of past, present and future care, support and maintenance from the other, are hereby unconditionally waived by Husband and Wife." (Separation Agreement at page 2, para. 6).

The above-quoted language of Paragraph Six of the Separation Agreement clearly conflicts with the language set forth in Paragraph Two, page 4, of the Judgment Entry of Divorce wherein the decree pro-

---

**3.** The record before this Court reflects no disposition made by the State court regarding the show cause motion.

vides that the Debtor's former spouse's attorney will receive $2,000.00 "as an for alimony and property division" from the Debtor. Interestingly, and conflicting with the language on page 4 of the Judgment Entry of Divorce, page 5 of the same document (para. 2) reads "... the Plaintiff [Jana R. Shaw] shall pay the debts if due and owing to ... Steve H. Slive [Jana R. Shaw's attorney] and that each party shall pay said financial obligation and debts as a form of alimony...." Certainly, the language in the two separate paragraphs of the same document are conflicting not only with the aforementioned provision of the Separation Agreement, but also conflicts within itself. On page 4 of the Judgment Entry of Divorce, the *Debtor* is given the obligation of paying the fees of his former spouse's attorney, whereas, on page 5 of the Judgment Entry, the former wife, *Jana Shaw*, is so obligated. Certainly, there was no intent for both parties to have the same obligation. To further compound the conflicting provisions pertaining to any purported alimony/legal fees, Paragraph 10 of the Separation Agreement provides that "... each [party] shall pay his/her own attorney for all legal services rendered, or to be rendered on his/her behalf in connection with this Agreement...." Since the doctrine of merger provides for the terms and conditions of the Separation Agreement to merge into the final judgment decree of divorce, it becomes readily apparent that the several conflicting provisions mentioned above present no nondischargeable obligations upon the Debtor, other than that of child support.

■ This Court is not bound by the labelling or characterizations of the parties' respective obligations set forth in the underlying documents of the divorce proceeding. In ascertaining the intent of the parties regarding their agreed upon obligations, the Bankruptcy Court is principally concerned with substance as opposed to form. *In Re Kiggins*, 26 B.R. 821, 824 (Bankr.N. D.Ohio 1983). Where the former spouse's attorney labelled the $2,000.00 fee to be paid him by the Debtor as "... as an for alimony and property division," such is,

nothing more than subterfuge. In order to constitute a nondischargeable debt under § 523(a)(5), the debt must actually be for or in the nature of alimony or support. *Melichar v. Ost*, 661 F.2d 300, 303 (4th Cir.1981), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442 (1982), and the debt must be payable to a spouse or child, and be in connection with a separation agreement or other order of a court of record. *In Re Marino, supra.* The Judgment Entry of Divorce labels the $2,000.00 as alimony and property division. Section 523(a)(5) further requires that the debt be in connection with a separation agreement or some other order of a court of record. As found earlier, the subject Separation Agreement in no instance obligates either the Debtor or his former spouse for alimony or the other's legal expenses, and the conflicting provisions within the decree of final divorce, likewise, leaves neither party with a clear responsibility for alimony obligations.

■ Notwithstanding the characterization of this indebtedness made by the party(s) herein, and in looking beyond those designations, this Court finds that the obligation owing to the former spouse is not one of alimony, but rather is a dischargeable unsecured debt. Specifically, there is no indication in the Separation Agreement where there was mutual assent for alimony obligations; and, in view of the conflicting provisions of the Judgment Entry of Divorce pertaining to alimony, there is no definite and unequivocal expression wherein the State court ordered alimony obligations upon the parties. *See, In Re Calhoun*, 715 F.2d 1103 (6th Cir.1983). As in *Calhoun*, the focal inquiry of this Court has been to make a determination as to whether the State court or the parties intended to create an obligation to provide support. In the matter, *sub judice*, such intent is not found.

It is recognized that some courts have allowed counsel fees as being nondischargeable when they are in the nature of alimony, maintenance or support; however, in the instant proceedings, it is patently

clear that the manifest intention of the parties, as expressed in the Separation Agreement, was for each to bear his/her own legal expenses. Further, § 523(a)(5) does not make nondischargeable claims payable other than to a spouse, former spouse or child of the debtor. In making this determination, it is well-settled that, whether a debt in question is a support obligation or one pertaining to a division of property, such is to be viewed under federal bankruptcy law as opposed to State law.

The Creditor, Jana Shaw, further contends that the Debtor is attempting to discharge child support obligations under his Chapter 13 Plan. The Judgment Entry of Divorce obligates the Debtor to pay a total of $1,485.00 for arrearage in child support payments, plus 2% poundage, in addition to maintaining the $55.00 weekly child support payments. Such payments are nondischargeable, per § 523(a)(5) of the Code. Any amounts owing to Jana Shaw for and on behalf of the parties' minor child for child support are nondischargeable. This is so notwithstanding the provision in the Debtor's Chapter 13 Plan, at Paragraph 3, that, "all debts listed in the petition shall be discharged under § 1328 of the Code."

Any other payment obligations which the objectants have contended comprise alimony payments, but have not been heretofore addressed specifically by the Court are hereby deemed to be dischargeable property settlements as opposed to support obligations, which are nondischargeable.

## CONCLUSION

The $2,000.00 purportedly owed by the Debtor to his former spouse's counsel labeled as alimony is dischargeable as an unsecured debt. Any monies owing to Jana Shaw in the form of child support for and on behalf of the minor child of the Debtor and Jana Shaw is nondischargeable. All other payments classified as alimony by the Creditor, Jana Shaw, are hereby deemed dischargeable property settlements.

Accordingly, the objection of the Debtor to the proof of claim filed by Jana R. Shaw

is sustained in part and overruled in part. The objection to confirmation of the Debtor's Plan is hereby sustained in part, and overruled in part.

IT IS SO ORDERED.