**In the Matter of Gary Wade HEVERLY, Debtor(s).**

**Robert M. CHAMBERS, Plaintiff,**

v.

**Gary Wade HEVERLY, Defendant.**

**Bankruptcy No. 86–1383.**
**Adv. No. 86–352.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 19, 1986.

Thomas E. Baynes, Jr., Lake Wales, Fla., for plaintiff.

David Syminton Smith, for defendant.

## ORDER ON MOTION TO DISMISS AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding, and the matter under consideration is the dischargeability vel non of an admitted debt owed by Gary Wade Heverly, the Debtor in this Chapter 7 case, to Robert M. Chambers, his ex-wife's attorney, who instituted this adversary proceeding. The debt under consideration is based on a final judgment entered by state court dissolving the marriage of the Debtor and his ex-wife, which provided *inter alia* that the Debtor pay the sum of $750.00 as a contribution to the ex-wife's attorney's fees. Thereafter, an Order for Contempt was entered and the Debtor was ordered to contribute an additional $100.00 to Robert M. Chambers, the Plaintiff herein. A final judgment was then entered as to attorney's fees pursuant to the provisions of *Fla.Stat.* § 61.16 in favor of the Plaintiff and against the Debtor.

It is the contention of the Plaintiff that the award made to him in the final judgment of dissolution of marriage represents a provision for support, and therefore, is within the exceptive provisions of the general protective provisions of the discharge granted pursuant to § 727 of the Bankruptcy Code. The Debtor's Motion to Dismiss, in essence, alleges that the award of attorney's fees was not alimony, maintenance or support of the spouse and, therefore, the Complaint should be dismissed. The Plaintiff maintains that there are no genuine issues of material fact and that the dispute may be resolved as a matter of law.

Bankruptcy Code § 523(a)(5) provides in pertinent part as follows:

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Thus it is clear that obligations based on a spouse to pay alimony, maintenance, or support either to a spouse or to children are nondischargeable obligations, but it is equally clear that provisions which cannot be fairly determined to fall within this exception are dischargeable including provisions dealing with property settlements in connection with dissolution of marriage proceedings.

▇ The question of what constitutes alimony or support is to be determined under the federal law and not state law. *H.R. Rep. No. 595, 95th Cong., 1st Sess. 2 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978)*, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862–5865, 5963, 5964; *see also In re Pody*, 42 B.R. 570, 12 B.C.D. 492 (Bankr.N.D.Ala.1984); *In re Newman*, 15 B.R. 67 (Bankr.M.D.Fla.1981); *In re Jose Arosemena*, 63 B.R. 55 (Bankr. M.D.Fla.1986); *In re Story*, 36 B.R. 546 (Bankr.M.D.Fla.1983).

▇ The bankruptcy court when called upon to determine this question will look to the substance of the agreement and will disregard labels. This Court must attempt to ascertain the parties' and the divorce court's intent in determining whether an obligation created in a divorce decree is dischargeable in bankruptcy. *In re Usher*, 442 F.Supp. 866 (N.D.Ga.1977), in which the Court held that:

"It is equally evident ... that courts will look to the substance of the agreement or the final decree dissolving the marriage rather than the label the parties elected to use or the court placed on the particular obligation."

Although some courts disagree, the majority rule among bankruptcy courts is that an obligation to pay attorney fees is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge. *In re Spong*, 661 F.2d 6 (2d Cir.1981); *In re Romano*, 27 B.R. 36 (Bankr.M.D.Fla.1983); *In re Whitehurst*, 10 B.R. 229 (Bankr.M.D.Fla.1981); *In re Morris*, 14 B.R. 217 (Bankr.D.Colo. 1981); *In re Bell*, 5 B.R. 653 (Bankr.W.D. Okla.1980). In support of this proposition, *Fla.Stat.* § 61.16 provides in part:

> The Court may from time to time, *after considering the financial resources of both parties,* order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter [Dissolution of Marriage], including enforcement and modification proceedings. (emphasis added.)

The allowance of attorney's fees in Florida is based on the same consideration as alimony, *i.e.* financial need. *Greenberg v. Greenberg*, 397 So.2d 1032 (Fla. 3d DCA 1981); *Reid v. Reid*, 396 So.2d 818 (Fla. 4th DCA 1981); *Caldwell v. Caldwell*, 383 So.2d 1115 (Fla. 3d DCA 1980). It is the purpose of the statute to place both spouses in financial parity for prosecution and defense of the action. *Canakaris v. Canakaris*, 382 So.2d 1197 (Fla.1980).

Based on the foregoing, this Court has concluded that the Debtor's obligation to pay his ex-wife's attorney's fees is clearly in the nature of support, and therefore, is a nondischargeable debt.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, granted and a separate Final Judgment shall be entered in accordance with the foregoing.