**In the Matter of Robert Laverne COX, a/k/a Robert L. Cox and Bob Cox, Debtor.**

**Dianne Lindsey LOVETTE, f/k/a Elease Dianne L. Cox, Plaintiff,**

**v.**

**Robert Laverne COX, Defendant.**

**Bankruptcy No. 83–2573.**
**Adv. No. 84–123.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 22, 1986.

Alan S. Wilhite, Gainesville, Fla., for plaintiff.

Michael H. Farver, St. Petersburg, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 adversary proceeding is a Motion for Summary Judgment filed by Dianne Lindsey Lovette (Ms. Lovette), Plaintiff in the above-captioned adversary proceeding. Ms. Lovette seeks a determination by this Court that a debt owed to her by Robert Laverne Cox, the Debtor (Debtor), is alimony and pursuant to § 523(a)(5) of the Bankruptcy Code is non-dischargeable. Ms. Lovette alleges that there are no material disputed facts and the issue may be determined as a matter of law. The undisputed facts as they appear from the record are as follows:

On July 8, 1982, Dianne Lovette obtained a Final Judgment of Dissolution of Marriage from the Eight Judicial Circuit Court in and for Alachua County, Florida, in which she was awarded $40,500 lump sum alimony together with child support and certain real and personal property. Pay-ment of the $40,500 lump sum alimony was to be made on a monthly basis.

On August 11, 1983, the Circuit Court entered an Order on Petition for Modification, in which the Circuit Court amended the payment schedule set forth in the 1982 Final Judgment, and allowed the Debtor to cure certain arrearages in his child support and alimony obligations. There was no modification of the total amount due.

Section 523(a)(5)(B), on which Ms. Lovette bases her claim, provides in pertinent part as follows:

(a) a discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt

(5) to a spouse, former spouse, or a child of the debtor for alimony to, maintenance for, or support of such spouse or child in connection with the separation agreement, divorce decree or other order of a court of record or property settlement agreement but not to the extent that

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

Ms. Lovette claims that the lump sum alimony award made to her in the Final Judgment of Dissolution of Marriage represents a support obligation and is, therefore, nondischargeable pursuant to § 523(a)(5)(B) of the Bankruptcy Code. On the other hand, the Debtor alleges that the award was not a support obligation, but was, in fact, a property settlement and is a dischargeable obligation.

It is well established that what constitutes alimony, maintenance, or support is determined by federal law rather than state law, and bankruptcy courts look beyond the labels placed upon the obligations by the state courts and consider the substance of the obligation to determine if it is in the nature of support. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984); *In re Usher*, 442 F.Supp. 866 (N.D.Ga.1977); *In*

*the Matter of Vande Zande*, 22 B.R. 328 (Bankr.W.D.Wis.1982).

The affidavits of Ms. Lovette and of Horace Moore, the attorney who represented Ms. Lovette during the divorce proceeding, state that the lump sum alimony was, in fact, intended to be support payments for Ms. Lovette and their children which would allow Ms. Lovette and their children to remain in the marital home during the minority of the children. According to Ms. Lovette and Mr. Moore, the support obligation was labeled "alimony" rather than child support at the request of the Debtor in order to provide a federal tax advantage to the Debtor. The Debtor has offered no evidence, either by way of affidavit, deposition, or testimony which would contradict this assertion.

After careful consideration of this record, this Court is satisfied that the lump sum alimony award is, in fact, in the nature of support rather than a property settlement. The fact that there are minor children of the marriage in need of support and that the lump sum alimony obligation imposed on the Debtor was awarded in conjunction with the marital home leads to the conclusion that the alimony award was intended to enable Ms. Lovette to maintain the marital home for the benefit of their children. This being the case, this Court is satisfied that the lump sum alimony obligation imposed on the Debtor by the Final Judgment of Dissolution of Marriage is in the nature of a support obligation and is, therefore, nondischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Dianne Lindsey Lovette be, and the same is hereby, granted, and the lump sum alimony obligation imposed by the Final Judgment of Dissolution of Marriage and the Order on Petition for Modification be, and the same is hereby, declared to be nondischargeable pursuant to § 523(a)(5)(B).

A separate final judgment will be entered in accordance with the foregoing.