**In the Matter of Richard F. JOHNSON, Debtor.**

**Linda D. JOHNSON, Plaintiff,**

v.

**Richard F. JOHNSON, Defendant.**

**Bankruptcy No. 92–226–8B7.**
**Adv. No. 92–271.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 13, 1993.

Douglas N. Menchise, Clearwater, FL, for plaintiff.

Thomas C. Little, Clearwater, FL, for defendant.

### ORDER ON PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon Plaintiff's Motion for Summary Final Judgment. The Court, having reviewed the Motion and the record and having heard the argument of counsel, finds the undisputed facts as follows:

On June 14, 1988, Plaintiff and Debtor/Defendant obtained a Final Judgment of Dissolution, ending their marriage of 16 years. Plaintiff and Debtor agreed Debtor would have custody of their two minor children aged 11 and 9.

Under the terms of the Final Judgment, as amended, the state court treated the marriage as a partnership and divided the non-personal property marital assets as follows:

A. The marital residence was valued at $332,000 with a mortgage balance of $183,000. Plaintiff was awarded $70,000 for her equity. Debtor was ordered to indemnify Plaintiff and hold her harmless in connection with the mortgage, and Plaintiff was ordered to quitclaim her interest in the residence.

B. A medical complex was valued at $1,225,000 with a mortgage balance of $934,000. Plaintiff was awarded $145,500 for her equity. Debtor was

ordered to indemnify Plaintiff and hold her harmless in connection with the mortgage, and Plaintiff was ordered to quitclaim her interest in the medical complex.

C. Debtor's medical practice was valued at $220,000, and Plaintiff was awarded $110,000 as her equitable interest. Plaintiff was ordered to execute all documents necessary to quitclaim any interest in the medical practice.

D. Recognizing Debtor did not have the present financial ability to buy out Plaintiff's interest in the marital residence, the medical complex, and the medical practice, which totalled $325,500, the state court ordered Debtor to pay this amount in monthly installments over 15 years.

E. Twenty-two rental properties jointly owned by Plaintiff and Debtor were determined to have little or no equity. Plaintiff was awarded $5,000 for her interest in these rental properties.[1]

F. A retirement plan, IRA accounts, and a Keogh plan were previously valued at $311,800. Plaintiff was awarded an equal division of those accounts based upon their current value to be determined by the accountants and tax attorneys for Plaintiff and Debtor.

G. Debtor was ordered to carry enough life insurance, with Plaintiff as beneficiary, to pay Plaintiff for any balance due her on the division of non-personal property marital assets.

In addition to the division of the non-personal property marital assets, the state court awarded Plaintiff rehabilitative alimony. The state court found that only rehabilitative alimony should be awarded because Plaintiff was relatively young, in good health, had two years of college, and had the intelligence to be self-sufficient. Plaintiff was awarded $4,000 per month for

two years and $3,000 per month for the next three years (subject to reduction if Plaintiff resided in certain rental property).[2]

On January 8, 1992, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.). On April 3, 1992, Plaintiff instituted the instant adversary proceeding seeking a determination that the debt owed Plaintiff by Debtor is not dischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code. The only items remaining for this Court's consideration are the awards of $70,000 for Plaintiff's equity in the marital residence, $145,500 for Plaintiff's equity in the medical complex, and $110,000 for Plaintiff's equitable interest in Debtor's medical practice.

■ Section 523(a)(5), in general, excepts from discharge a debt owed by a debtor to a former spouse for alimony, maintenance, or support so long as the liability is actually in the nature of alimony, maintenance, or support. The purpose of this Court's inquiry "is to ascertain the intent of the divorce court ... as to each particular obligation established therein without looking to the labels used by the court...." *Burch v. Burch (In re Burch)*, 100 B.R. 585, 587 (Bankr.M.D.Fla.1989). The inquiry is limited to characterizing the obligations as support or property settlement. This Court is not to redetermine or relitigate the facts. *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 907 (11th Cir. 1985). In seeking to ascertain the intent of the state court, this Court has found the following factors helpful (*In re Burch*, 100 B.R. at 589):

1. The express terms of the judgment of dissolution,

2. The relative incomes of the parties at the time of the judgment of dissolution,

3. The length of the marriage,

---

**1.** This Court has already determined that this $5,000 payment is not in the nature of support and thus is dischargeable.

**2.** The state court also determined Debtor would be responsible for Plaintiff's reasonable attorney's fees in the amount of $11,890. The dischargeability of the attorney's fees is the subject of the related adversary proceeding, *Locke v. Johnson*, Adv. No. 92–285.

4. The number and age of children,

5. The amount of child support,

6. Whether the obligation terminates upon death or remarriage of either party,

7. Whether the obligation is payable in installments over an extended period of time,

8. The level of education of the parties,

9. The health of the parties,

10. The probable need for support,

11. The property brought to the marriage by either party, and

12. Whether the payments are intended as economic security.

Having examined the above factors and having considered all arguments and evidence consistent with ruling on a motion for summary judgment (*see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)), this Court finds that the $70,000 awarded to Plaintiff for her equity in the marital residence and the indemnification and hold harmless provisions with respect to the mortgages on the marital residence and the medical complex are in the nature of alimony, maintenance, or support and thus not dischargeable under Section 523(a)(5) of the Bankruptcy Code. The $145,500 awarded to Plaintiff for her equity in the medical complex and the $110,000 awarded to Plaintiff for her equitable interest in Debtor's medical practice are not in the nature of alimony, maintenance, or support and thus are dischargeable under Section 727 of the Bankruptcy Code.

■ While all three of these assets are treated in the same manner by the state court (*i.e.,* division of non-personal property marital assets), they are not accorded identical treatment under state law. The marital residence was clearly a source of maintenance and support to Plaintiff while she was in the marital relationship with Debtor. Although Plaintiff's ability to enjoy the marital residence has changed as a result of the judgment of dissolution, that judgment of dissolution did nothing to alter the fact that the residence remained a source of maintenance and support to that spouse during the marriage.[3] Plaintiff's interest in her marital residence, her homestead, was converted to a value by the state court. A creditor would not be able to reach the proceeds from the sale of the homestead. Plaintiff's homestead was converted to a payment which could enable her to reinvest in a new homestead. Clearly, this cashout is in the nature of alimony, maintenance, or support. Otherwise, a mechanism would be created which would disenfranchise any spouse when not awarded the actual homestead in a dissolution action.

■ The medical complex and the medical practice are not accorded any type of special treatment under state law. While the investment in the medical complex may have provided some economic benefit to Plaintiff and while Debtor's medical practice may have been a source of income, neither is protected as a source of family refuge. These were determined to be assets of the marriage and were divided as such by the state court. The division of these assets, however, was property settlement and not in the nature of alimony, maintenance, or support. Consequently, the $145,500 awarded to Plaintiff for her equity in the medical complex and the $110,000 awarded to Plaintiff for her equitable interest in Debtor's medical practice are dischargeable.

■ The requirements Debtor indemnify Plaintiff and hold her harmless in connection with the mortgages on the marital residence and the medical complex are in the nature of alimony, maintenance, or sup-

---

**3.** Residences, generally, are accorded special treatment as homestead under the Constitution and laws of the state of Florida. *See, e.g.,* Fla. Const. art. 7, § 6, and art. 10, § 4; Fla.Stat. chs. 196, 197, 222, 689, 709, 732, and 733. The purpose of the homestead exemption is to protect the family and to provide the family a refuge from misfortune. *Butterworth v. Caggiano,* 605 So.2d 56, 58 (Fla.1992); *Collins v. Collins,* 150 Fla. 374, 7 So.2d 443, 444 (1942).

port. If Plaintiff is required to make any payments on the mortgages, if Plaintiff must enforce the indemnification and hold harmless provisions, or if Plaintiff is threatened with judgment, execution, or levy with respect to the mortgages, any expenses incurred by Plaintiff for which Debtor would become liable are likewise nondischargeable. Expenses related to the indemnification and hold harmless provisions are nondischargeable notwithstanding that Debtor may be discharged from any personal liability on the mortgages. *In re Burch*, 100 B.R. at 590. Any other determination would leave Plaintiff without the benefit of the asset, but in full possession of the liabilities attributable to the asset.

Plaintiff places substantial reliance on the state court judge's reference to a "nest egg" in a letter to opposing counsel in the dissolution action. Plaintiff also places substantial reliance on references to the full $325,500 award as "lump sum alimony" in subsequent state court filings in the dissolution action and as notations on Debtor's checks. Neither denomination advances Plaintiff's cause. The intent of the state court and not the labels used controls the treatment of each obligation under the Bankruptcy Code. *In re Burch*, 100 B.R. at 587.

Plaintiff also argues that the full $325,500 is necessary to support her in the manner to which she was accustomed during her marriage to Debtor. In the Final Judgment, as amended, however, the state court specifically rejected this notion: "because ... [Plaintiff] is relatively young and in good health, has two (2) years of college and though she may never reach the earnings potential of ... [Debtor], has the intelligence to be self-sufficient by her own

endeavors...." Certainly, the state court did not require Debtor to maintain Plaintiff in the manner to which she had been accustomed during her marriage to Debtor.

■ Since there are no genuine issues as to any material facts and Plaintiff is entitled to judgment as a matter of law on certain obligations and Debtor is entitled to judgment as a matter of law on other obligations,[4] it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Final Judgment is granted, in part, and denied, in part. It is further

ORDERED, ADJUDGED AND DECREED that the $70,000 awarded to Plaintiff for her equity in the marital residence is in the nature of alimony, maintenance, or support and thus not dischargeable under Section 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that the requirements Debtor indemnify Plaintiff and hold her harmless in connection with the mortgages on the marital residence and the medical complex are in the nature of alimony, maintenance, or support and thus not dischargeable under Section 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that the $145,500 awarded to Plaintiff for her equity in the medical complex is not in the nature of alimony, maintenance, or support and thus is not excepted from discharge under Section 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that the $110,000 awarded to Plaintiff for her equitable interest in Debtor's medical practice is not in the nature of alimony, maintenance, or support and thus

---

**4.** The Court, *sua sponte*, may award summary judgment to the nonmoving party where it appears from the papers, affidavits, and other proofs submitted by the parties, that there is no disputed issue of material fact and judgment for the nonmoving party is appropriate as a matter of law. *McCarty v. United States*, 929 F.2d 1085 (5th Cir.1991); *Lowenschuss v. Kane*, 520 F.2d 255, 261 (2d Cir.1975); 10A Charles Alan Wright et al., *Federal Practice and Procedure*, § 2720 (2d ed. 1983).

Debtor had previously moved for summary judgment in this adversary proceeding. That motion was granted with respect to the rental properties (see n. 1), but denied with respect to all other obligations because this Court found material issues of fact. The parties themselves assert there are no genuine issues as to any material fact, and this Court is now persuaded that indeed there are no genuine issues of material fact remaining.

is not excepted from discharge under Section 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DE-CREED that Debtor's obligation to carry enough insurance on his life, with Plaintiff as beneficiary, to pay Plaintiff for any amount determined nondischargeable by this Court is likewise nondischargeable.

DONE AND ORDERED.