**In re Joseph John CASSATA, d/b/a Tony's Pottery, Debtor.**

**Ann M. CASSATA, Plaintiff,**

v.

**Joseph John CASSATA, Defendant.**

**Bankruptcy No. 89–2556–BKC–3P7.
Adv. No. 89–314.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 2, 1990.

Richard R. Thames, Jacksonville, Fla., for plaintiff.

Ronald L. Bergwerk, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint filed by Ann M. Cassata seeking an exception to discharge pursuant to 11 U.S.C. § 523(a)(5) for lump sum alimony payments owed to her by her former husband, Joseph John Cassata. A trial was held on June 6, 1990, and upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

On November 7, 1981, Ann M. Cassata and Joseph John Cassata were married. They separated in July, 1983, and a Final Judgment of Dissolution of Marriage was entered in May 1984. No children were born of the marriage, and this was not the first marriage for either party.

On April 13, 1984, plaintiff and defendant entered into a Separation and Marital Settlement Agreement ("Settlement Agreement"), where defendant agreed to make weekly alimony payments to plaintiff in the aggregate amount of $460, as well as car maintenance and other expenses. The relevant terms of the Settlement Agreement are as follows:

4. CAR EXPENSES: Wife shall be entitled to her car expenses including gas, oil and repairs to be charged at the Amoco and Texaco stations ... charges are to be made to Tony's Potters, Inc. until such time as the loans to Wife are fully paid.

5. LUMP SUM ALIMONY: Husband agrees to pay lump sum alimony to Wife in the amount of $50,000.00, payable in 200 weekly installments of $250.00 per week, the first installment beginning on the 1st day of the week after the execution of this Agreement and a like installment on the 1st day of each and every week thereafter until fully paid. Such lump sum alimony shall not be subject to modification. Both Husband and Wife agree that Wife may not seek to increase said alimony nor can Husband reduce said alimony. Husband further agrees to pay Wife an additional $210.00 per week until he has fulfilled the above alimony payments.

The $50,000 obligation referred to in the Settlement Agreement is secured by real property in Volusia County, Florida. The terms of the Settlement Agreement were incorporated into the Final Judgment of Dissolution of Marriage.

Defendant made full or partial payments on the $250 obligation until January, 1989, at which time all payments ceased. A total of $5,365 remains unpaid on this obligation. As for the $210 weekly payments, defen-

dant continued to make full or partial payments on this obligation until September, 1989.

On August 9, 1989, defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. He listed plaintiff as an unsecured creditor holding a $12,000 claim.

At the trial of this adversary proceeding, plaintiff conceded that the $250 per week payments were not alimony and support payments, but were instead repayment of loans made prior to and during the marriage. The loan repayment is secured by a lien on certain property located in Volusia County, Florida. Thus, liability for the unpaid portion of the $50,000 debt cannot now be enforced against defendant personally, but is instead limited to a claim against the property. Accordingly, the issues raised in this adversary proceeding are (i) whether the $210 per week payment constitutes non-dischargeable alimony and support payments, and (ii) whether the plaintiff is entitled to the repayment of her car maintenance expenses as an element of support.

## CONCLUSIONS OF LAW

The resolution of this adversary proceeding is governed by § 523(a)(5) of the Bankruptcy Code, which provides:

(a) A discharge ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity ...

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support....

■ The issue of whether an obligation is in the nature of support or in the nature of property settlement is determined by bankruptcy law rather than state law. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

■ The labeling of a payment as alimony in a settlement agreement is not necessarily determinative of whether such payment is actually in the nature of alimony and support in the bankruptcy context. Instead, the Court must look behind the labels to determine the parties' intent:

The purpose of the Bankruptcy Court's inquiry is to ascertain the intent of the divorce court, or in the case of a settlement agreement, the intent of the parties as to each particular obligation established ·therein without looking to the labels used by the court or the parties.

*Matter of Burch*, 100 B.R. 585, 587 (Bankr. M.D.Fla.1989).

■ It is the burden of plaintiff as the party challenging dischargeability of a debt to establish that the alimony award was in the nature of alimony, support or maintenance. *Matter of Long*, 794 F.2d 928, 930 (4th Cir.1986).

■ Plaintiff contends that her car maintenance expenses are the responsibility of defendant. However, the Settlement Agreement clearly states that Tony's Potters, Inc. is to be charged with the maintenance expense. Plaintiff contends that such an entity does not exist, or alternatively if it does exist, the Settlement Agreement does not relieve defendant from making such support payments. Neither the Settlement Agreement nor the evidence at trial support these contentions. Plaintiff has not sustained her burden of proving that defendant is responsible for the maintenance of her automobile.

■ In this adversary proceeding the Court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984).

[6] In regards to the $210 weekly payments due plaintiff, the Settlement Agreement is ambiguous and open to several interpretations. Substantively the Settlement Agreement leaves much to be desired. It does not adequately distinguish the purpose or effect of the payments at issue in this adversary proceeding. There are equally compelling arguments as to the

of the parties which support either plaintiff or defendant's explanations as to the nature of the $210 weekly payment.

Given the ambiguity surrounding the Settlement Agreement, and its apparent substantive function of repaying loans made by plaintiff to defendant, the Court concludes that plaintiff has not proven that the $210 weekly payment is in the nature of alimony, support, or maintenance entitling it to exception from discharge pursuant to § 523(a)(5).

## CONCLUSION

Based upon the foregoing, the Court will enter a separate Final Judgment in favor of defendant, Joseph John Cassata, and against plaintiff, Ann M. Cassata, discharging the debts which are the subject of this adversary proceeding.