**In re Oscar Julian GARRARD, III, Debtor.**

**Mary Suzanne Otto GARRARD, Plaintiff,**

**v.**

**Oscar Julian GARRARD, III, Defendant.**

**Bankruptcy No. 91–1783–BKC–3P7. Adv. No. 91–380.**

United States Bankruptcy Court
M.D. Florida,
Jacksonville Division.

March 4, 1993.

Rudy Hernandez, Jacksonville, FL, for plaintiff.

Gregory K. Crews, Jacksonville, FL, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon the complaint filed by Mary Suzanne Otto Garrard pursuant to § 523(a)(5) to determine the dischargeability of certain obligations arising from a divorce decree between the parties. A trial was held on September 22, 1992, at which time the defendant conceded that his obligation to pay child support was non-dischargeable. The remaining issue is the dischargeability of the obligation described as alimony in the divorce judgment. Upon the evidence presented, the Court makes the following Findings of Facts and Conclusions of Law:

### Findings of Fact

The parties were married for approximately twenty years. Plaintiff was 24 years old with a bachelor's degree in English literature when she married defendant. Although she was not a certified teacher, she was teaching school at the time of the marriage while defendant, also 24 years old, was pursuing a bachelor's degree in business.

The parties were divorced on June 21, 1990. At that time plaintiff was unemployed and had not worked outside the home for eighteen years. Defendant, however, was in private practice as a certified public accountant earning an average gross monthly wage of $6,000.00.

Two children born as a result of the marriage were 14 and 17 years of age at the time of the divorce.

On January 26, 1990, with the assistance of a marriage counselor, the parties entered into a Marital Settlement Agreement. The agreement granted custody of the children and use of the marital home to the defendant. In addition, the personal and real property of the parties was divided and a lump-sum property settlement was determined providing for an equitable distribution. Paragraph 15 states the relevant terms:

> In order to effectuate an equitable distribution of the marital property including, but not limited to the equities in the aforementioned real property, tangible personal property, Husband's profession-

al practice, cash and retirement funds, and insurance cash values, the Wife will receive a lump sum property settlement in the amount of $40,000, payable in equal monthly installments at ten percent (10%) interest amortized over a period of ten (10) years. The parties agree that the $40,000 represents the Wife's equitable share of the value of the marital property, less the marital liabilities. These payments shall not be tax deductible by the Husband.

The original agreement also provided the plaintiff with rehabilitative alimony, stating in paragraph four:

The Husband shall pay to the Wife periodic payments of $500.00 per month for a period of 120 months commencing on the first day of the month following the entry of the Final Judgment of Dissolution of Marriage as rehabilitative alimony. These payments are intended to be tax deductible by the Husband and tax includable by the Wife. These payments shall continue even should the Wife remarry, until the death of either party, or the expiration of 120 months, whichever shall first occur. It is also contemplated by both parties that the Wife will seek employment after the dissolution which will not affect her right to receive these payments. The Husband shall maintain life insurance in the amount of $100,000 naming the Wife as beneficiary for the period of time that he is paying rehabilitative alimony to the Wife. The Husband shall be entitled to reduce this amount to $60,000 at the end of 60 months.

The marriage counselor's notes and an April 30, 1989, balance sheet, support that the parties had a net worth of approximately $80,000.00 at the time of the divorce. In addition, the notes also show that the amount was to be equally divided and defendant would make monthly payments to plaintiff at ten percent interest over ten years.

Subsequent to the execution of the original settlement agreement, the parties continued to discuss their marital property and affairs. Plaintiff, represented by counsel, was concerned about defendant's declining financial condition, especially the possibility of his filing a bankruptcy case. Defendant was not represented by counsel.

To alleviate plaintiff's concerns, an Amended Marital Settlement Agreement was executed by the parties on April 25, 1990. The amended agreement was substantially the same as the original. However, the new agreement gave custody of the children to plaintiff, deleted the lump sum property settlement paragraph, and changed paragraph four to read as follows:

The Husband shall pay to the Wife periodic payments of $1,150.00 per month for a period of 120 months commencing on the first day of the month following the entry of the Final Judgment of Dissolution of marriage as rehabilitative alimony. These payments are intended to be tax deductible by the Husband and tax includable by the Wife. These payments shall continue even should the Wife remarry, until the death of either party, or the expiration of 120 months, whichever shall first occur. It is also contemplated by both parties that the Wife will seek employment after the dissolution which will not affect her right to receive these payments. Neither party will seek to modify the terms and conditions of this paragraph. The Husband shall maintain life insurance in the amount of $100,000 naming the Wife as beneficiary for the period of time that he is paying rehabilitative alimony to the Wife. The Husband shall be entitled to reduce this amount to $60,000 at the end of 60 months.

The parties have compromised respectively their positions in order to reach the duration and the amount of rehabilitative alimony provided for the Wife within this paragraph. The Husband, desiring not to pay the Wife permanent alimony, has agreed to pay her continuously for 120 months the sum of $1,150.00 per month regardless of whether the Wife remarries.

On June 21, 1990, the terms of the amended agreement were incorporated into

the Final Judgment of Dissolution of Marriage.

Defendant failed to make the required alimony payments and plaintiff filed a Motion for Contempt in the state court. On April 10, 1991, (one day before the hearing) defendant filed a chapter 7 petition.

The sole remaining issue is whether the full amount of the $1,150.00 monthly award labelled in the amended agreement as "rehabilitative alimony" is actually in the nature of alimony, maintenance, or support or part of the settlement of property rights.

## Conclusions of Law

The dischargeability of obligations arising in the context of alimony is governed by § 523(a)(5), which provides:

(a) A discharge ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

■ The determination of whether an award is support or a property settlement is controlled by federal bankruptcy law, rather than state law. The bankruptcy court must make an independent evaluation as to whether an obligation arising from a divorce decree is in the nature of alimony and, therefore, nondischargeable. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

■ This Court has held that the labels used in a settlement agreement are not controlling on the issue of dischargeability. *In re Cassata*, 119 B.R. 280, 282 (Bankr. M.D.Fla.1990). Instead, the bankruptcy court must look at the intent of the parties with regard to each award. *Id.* The inquiry centers around the purpose to be served by the obligation, rather than any design to create a non-dischargeable debt. *In re*

*Brody*, 120 B.R. 696, 698–99 (Bankr. E.D.N.Y.1990).

■ As the party challenging the dischargeability of the alimony award, the plaintiff has the burden of proving that the debt is in the nature of alimony, support, or maintenance. *In re Long*, 794 F.2d 928, 930 (4th Cir.1986).

■ This Court finds that the changes in the amended agreement regarding "rehabilitative alimony" were made in an attempt to protect payments due to plaintiff in the event of a bankruptcy case filing by defendant. The increase of $650.00 a month slightly exceeds the amount of the property settlement payments to be made under the original agreement. This, coupled with the deletion of the property settlement section from the agreement, tends to show the alimony payments to be more in the nature of an equitable distribution of property, than in the nature of support.

Having looked beyond the labels to the underlying purpose to be served by the $1,150.00 award, the Court concludes that of that amount only $500.00 a month was intended by the parties to be in the nature of alimony, support, maintenance. Accordingly, only that portion of the debt owed by defendant to plaintiff can be excepted from defendant's discharge pursuant to § 523(a)(5).

A separate judgment will be entered in accordance with these Findings of Facts and Conclusions of Law.

## JUDGMENT

Upon the Findings of Facts and Conclusions of Law separately entered, it is

ORDERED:

1. Judgment is entered for the plaintiff and against the defendant.

2. Pursuant to § 523(a)(5), defendant's obligation to pay child support set forth in paragraph 5(g) of the Final Judgment of Dissolution of Marriage entered June 21, 1990, in case number 90–007634–CA, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, is excepted from defendant's discharge.

3. Pursuant to § 523(a)(5), defendant's obligation to pay alimony set forth in paragraph 2 of the Final Judgment of Dissolution of Marriage entered June 21, 1990, in case number 90–007634–CA, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, is excepted from defendant's discharge to the extent of $500.00 a month.

4. The remaining award of $650.00 monthly, labelled rehabilitative alimony, is in the nature of a property settlement, not intended as support, and is dischargeable.