**In re Carl R. COLEMAN, a/k/a C. Randolph Coleman, a/k/a Randy Coleman, Debtor.**

**Paul A. LOUIS, Plaintiff,**

v.

**Carl R. COLEMAN, a/k/a C. Randolph Coleman, a/k/a Randy Coleman, Defendant.**

**Bankruptcy No. 91–6155–BKC–3P7. Adv. No. 92–204.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 29, 1993.

Paul A. Louis, Miami, FL, for plaintiff.

C. Randolph Coleman, defendant pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon plaintiff's Motion for Summary Judgment. A hearing by telephone conference call was held on November 11, 1992, on other motions. At that time the Court invited the filing of summary judgment motions and indicated that such motions would be resolved without further hearing. The Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Defendant and Bethany Coleman were married on May 27, 1983. One child was born as a result of the marriage, Carole Jacqueline, on October 4, 1985.

After a six-day trial, a Final Judgment of divorce was entered on July 9, 1990. Defendant appealed the judgment, challenging the state court's award of attorney's fees, equitable distribution of marital assets, and award of child support. On November 14, 1991, the Third District Court of Appeal of Florida affirmed the circuit court decision.

The judgment covered six categories, including Child Support, Alimony, Equitable Distribution, and Attorney's Fees.

The Attorney's Fee section concerned the defendant's responsibility for payment of plaintiff's fees as attorney for the wife

during the course of the divorce proceedings. The judgment provided as follows:

### VI. *Attorney's Fees*

The next issue to be decided is the husband's liability for the amount of the wife's attorney's fees. The Court finds that the husband shall be responsible for a reasonable attorneys fee for the wife's attorney.

The Court heard testimony that at least up to the time of the trial the wife had incurred fees exceeding $75,000.00. The evidence in this case shows the husband's net income (before taxes) to be somewhere between $72,000.00 and $86,-000.00 per year. When reduced by child support payments, his net income is between $59,000.00 and $71,000.00 per year.

This Court is very conscious of the case of *Travieso vs. Travieso*, 447 So.2d 940 (Fla.3rd D.C.A.1984) in which the trial judge was reversed for awarding $27,000.00 attorney's fee to the wife's attorney when the husband's net income was $17,000.00. The appellate court therein set a $9,000.00 fee, noting that the husband did not possess the financial resources to pay the amount awarded by the trial judge. The appellate court did not take into consideration that the large fee awarded by the trial judge resulted from the wife's attorney's actions in creating extended litigation.

It therefore appears that the limitation of the husband's ability to pay must control the amount that he is obligated to pay to the wife's attorney. There is no question that the wife's attorney, one of the outstanding and most experienced members of the matrimonial bar, is entitled to an hourly rate of $250.00 at a minimum. There is no question that he has expended in excess of 160 hours in handling this case. However, based upon the ability of the husband to pay, and on the generalized formula set in *Travieso vs. Travieso*, supra, the Court hereby orders the husband to pay to the wife's attorney the sum of $40,000.00.

This sum shall be paid in quarterly installments of $2,500.00 each, the first installment being due September 15, 1990.

The defendant initiated a case under chapter 7 on November 22, 1991, just eight days after the Final Judgment was affirmed.

The sole remaining issue involves the dischargeability of the award of fees to plaintiff.

### Conclusions of Law

This adversary proceeding comes before the Court on plaintiff's motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable by Federal Rule of Bankruptcy Procedure 7056, mandates that summary judgment shall only be entered if the pleadings, depositions, and other evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court has reviewed the papers and pleadings and determines that no genuine issue of material fact exists. Accordingly, this adversary proceeding is ripe for resolution based on the pending summary judgment motion.

The resolution of this adversary proceeding is governed by 11 U.S.C. § 523(a)(5), which provides:

(a) A discharge ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....

■ The bankruptcy court must independently assess the character of an obligation arising out of divorce and determine whether it is in the nature of alimony. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

This Court has held that "unless the obligation to pay a spouse's attorney's fees is clearly in the nature of a property settlement, it will be deemed non-dischargeable." *In re Whitehurst*, 10 B.R. 229, 230 (Bankr. M.D.Fla.1981). The weight of the authority is in accord. *In re Spong*, 661 F.2d 6 (2nd Cir.1981); *In re Burch*, 100 B.R. 585 (Bankr.M.D.Fla.1989).

The state court evaluated defendant's ability to pay and the recipient spouse's need in making the award of fees. The obligation was not intended as a property settlement and was in the nature of support. Accordingly, the fees shall be excepted from defendant's discharge pursuant to § 523(a)(5).

Summary judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.