632 So.2d 1146 (1994)
Robert L. NAUGLE, Appellant,
v.
Evelyn NAUGLE, Appellee.
No. 93-1140.
District Court of Appeal of Florida, Fifth District.
March 11, 1994.
*1147 Tanya M. Plaut of Tanya M. Plaut, P.A., Orlando, for appellant.
Howard S. Reiss of Reiss, Hillman & Reiss, Orlando, for appellee.
THOMPSON, Judge.
Robert L. Naugle appeals a final judgment of dissolution of marriage. He appeals the distribution of marital assets, the award of permanent alimony and the award of attorney's fees and costs to his former wife Evelyn Naugle. We affirm the judgment of dissolution except the requirement that Robert pay Evelyn's attorney's fees and costs. We affirm in part and we reverse in part.
Robert and Evelyn were married for 28 years before the judgment of dissolution was entered. There is no dispute that Robert has always had superior earning capacity. The final judgment is through and indicates the trial judge reviewed the length of the marriage, the assets accumulated during the marriage and the relative earning capacity of the parties. Although neither party was very candid concerning their assets, the judge did not act capriciously or arbitrarily, in distributing the assets of the marriage and awarding permanent alimony. He awarded Evelyn 51% of the marital assets and Robert 49% of the marital assets. His rulings-are consistent with the judicial requirements enunciated by the Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The judge entered both oral and written findings as to the equitable distribution of marital assets and liabilities. See § 61.075(3), Fla. Stat. (1991). The judge also considered all of the statutory requirements of section 61.08(2), Florida Statutes (1991), before awarding alimony. He did not abuse his discretion. See Kennedy v. Kennedy, 622 So.2d 1033, 1034 (Fla. 5th DCA 1993). We affirm the distribution of marital assets and the award of permanent alimony.
We reverse, however, the requirement that Robert pay Evelyn's attorney's fees and costs. The trial court abused its discretion in this regard after making an equal distribution of marital assets and equalizing incomes through the alimony award. See Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985). The purpose of section 61.16, Florida Statutes (1991), is to assure that each party in a dissolution of marriage case has a similar ability to secure competent counsel. The award is not based upon who "wins," but on the relative financial circumstances of the parties. Seitz v. Seitz, 471 So.2d 612, 615 (Fla. 3d DCA 1985). Having placed the parties in the same relative financial position, it was error to require that Robert pay Evelyn's attorney's fees. See Blankenship v. Blankenship, 502 So.2d 1002, 1003 (Fla. 5th DCA 1987); Sizemore v. Sizemore, 487 So.2d 1080, 1081 (Fla. 5th DCA 1986).
The trial judge may have had reasons for awarding attorney's fees, but he did not give oral reasons at the hearing or written reasons in the final judgment. Additionally, there were no findings by the trial court as to the reasonableness of Evelyn's fees and costs or any findings as required by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990) and Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We reverse the award of attorney's fees.
AFFIRMED in part; REVERSED in part.
HARRIS, C.J., and GRIFFIN, J., concur.