In re Michael Alan WESTER, Debtor.

Michael Alan WESTER, Plaintiff,

v.

Angela Marie WESTER and Barry L. Zisser, Defendants.

Bankruptcy No. 94–4699–BKC–3P7.
Adv. No. 94–340.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 10, 1995.

Albert H. Mickler, Jacksonville, Florida, for Plaintiff.

Edward P. Jackson, Jacksonville, Florida, for Defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Michael Alan Wester's ("Former husband") complaint pursuant to 11 U.S.C. § 523(a)(5) to determine the dischargeability of attorney's fees. Former husband contends that the award of attorney's fees to former wife's attorney is not in the nature of support, but rather, a part of an equitable distribution of property. A trial was held on July 25, 1995. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Michael Alan Wester and Angela Marie Wester ("former wife") were married on November 19, 1988. The couple has two minor children. They lived as husband and wife until their separation on August 2, 1993. On April 25, 1994, the state court entered a Final Judgment dissolving their marriage. Barry L. Zisser ("wife's attorney") served as former wife's attorney in the divorce proceeding.

2. In the Final Judgment of Dissolution of Marriage, the state court found that former husband's net monthly earnings were $2,075.66, while former wife's net monthly earnings were $2,185.78. (Plaintiff's Ex. 8). Consequently, following the formula provided in Chapter 61 of the Florida Statutes, the state court found that former husband should contribute 49% to child support, and former wife should contribute 51%. (Plaintiff's Ex. 8).

3. There was an unequal distribution of marital assets and liabilities favoring former husband. The Final Judgment of Dissolution of Marriage awarded former wife assets of $4,830.00. (Plaintiff's Ex. 8 at 12–13). However, former husband was awarded assets totalling $11,500.00. (Id.) Former wife's debts and liabilities to be paid totaled $25,575.82. (Id.) The former husband's debts and liabilities, however, totaled $14,241.00. (Id. at 13–14). Former wife's request for alimony or spousal support was denied. (Plaintiff's Ex. 8 at 3).

4. Upon former wife's attorney's request, the state court deferred the issue of former wife's right to award attorney's fees until after the Final Judgment was entered. (Id. at 11). On November 4, 1994, the state court entered a separate Order Awarding Attorney's Fees that required former husband to pay the sum of $3,500.00 to wife's attorney. (Plaintiff's Ex. 12). The Order Awarding Attorney's Fees also provided that wife's attorney can enforce payment of attorney's fees, should enforcement become necessary. (Id.).

5. On October 28, 1994, former husband filed a voluntary petition for relief under Chapter 7 of Bankruptcy Code.

6. On December 21, 1994 former husband filed an adversary proceeding against wife's attorney and former wife to determine dischargeability of attorney's fees pursuant to 11 U.S.C. § 523(a)(5).

7. Default Judgments were entered against both former wife and wife's attorney on February 6, 1995. However, on February 21, 1995 the Court entered an order setting aside the default judgment against wife's attorney.

8. Former husband and wife's attorney both filed motions for Summary Judgment. On April 20, 1995, the Court denied both motions, finding that triable issues of fact exist. Trial was scheduled for July 25, 1995.

9. At trial, former husband argued that, the Attorney's fees awarded to former wife are not excepted from discharge under section 523(a)(5). The former husband's argument is twofold. First, former husband contends that, the attorney's fees are dischargeable because the state court order provided that fees are to be paid directly to wife's attorney, and wife's attorney can enforce the Order Awarding Attorney's Fees. Secondly, former husband argues that wife's attorney's fees are not in the nature of "support" to former wife because their incomes are equal, and the state court, as a matter of law, could not have granted support to either party where incomes are equal. The argument also states, wife's attorney, realizing the equality in incomes, proposed an unequal distribution of assets and liabilities not favoring his client. This unequal distribution presented an opportunity for wife's attorney to argue for an award of Attorney's fees to former wife. Attorney's fees were therefore awarded to equalize a previous unequal distribution of assets and liabilities. Thus, the award of attorney's fees is not in the nature of support.

10. Wife's attorney, on the other hand, argues that the attorney's fees awarded are not clearly in the nature of a property settlement because the fees were incurred in a divorce action where child. support and amount of child support were major issues.

## CONCLUSIONS OF LAW

This Court will address these two issues. First, is whether an Order Awarding Attorney's Fees directly payable to the attorney is relevant to the issue of dischargeability. Secondly, is whether the award of attorney's fees is in the nature of support. To resolve these issues, the Court turns to section 523(a)(5), which provides that:

(a) A discharge ... does not discharge an individual debtor from any debt—

(5) to spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not the extent that—

(A) such debt is assigned to another entity, voluntarily or by operation of law, or otherwise ...;

(B) such debt includes a liability designed as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. ...

11 U.S.C. § 523(a)(5). Each issue will be addressed accordingly.

### 1. Direct Payment of Attorney's Fees

■ The fact that attorney's fees are paid directly to the attorney is immaterial for dischargeability purposes. *In re Aughenbaugh*, 119 B.R. 861, 863 (Bankr.M.D.Fla. 1990). Having determined that direct payment to wife's attorney is immaterial, the Court now turns to the nature of the debt.

### 2. Nature of The Debt

■ This Court has held, "unless the obligation to pay a spouse's attorney's fees are clearly in the nature of property settlement, it will be deemed non-dischargeable." *In re Coleman*, 152 B.R. 783, 785 (Bankr.M.D.Fla. 1993) (citing *In re Whitehurst*, 10 B.R. 229, 230 (Bankr.M.D.Fla.1981)). Usually, if the attorney's fees are directly related to or intertwined with obtaining alimony or support, the obligation is in the nature of alimony, support or maintenance. *Aughenbaugh*, 119 B.R. at 864. Thus, the Court must decide whether the fees were obtained in the nature of support or property settlement.

■ This Court has held that the determination of whether an award is support or property settlement is controlled by federal bankruptcy law, rather than state law. *In re Garrard*, 151 B.R. 598, 601 (Bankr.M.D.Fla. 1993). The bankruptcy court must make an independent evaluation as to whether an obligation arising from a divorce decree is in the nature of alimony or support, and therefore, non-dischargeable. *Id.* (citing *In re Harrell*,

754 F.2d 902 (11th Cir.1985)). The Court must look at the intent of the parties regarding each award and has focused on six factors when evaluating the nature of the debt:

1. Whether the obligation under consideration is subject to contingencies, such as death or remarriage;

2. Whether the payment was fashioned in order to balance disparate incomes of the parties;

3. Whether the obligation is payable in installments or a lump sum;

4. Whether there are minor children involved in a marriage requiring support;

5. The respective physical health of the spouse and the level of education; and

6. Whether, in fact, there was need for spousal support at the time of the circumstances of the particular case.

*In re Bowsman*, 128 B.R. 485, 487 (Bankr. M.D.Fla.1991) (citations omitted).

■ The party challenging the dischargeability has the burden of proof, and the standard of proof required in an adversary proceeding pursuant to 11 U.S.C. § 523(a)(5) is preponderance of the evidence. *In re Burch*, 100 B.R. 585, 589 (Bankr. M.D.Fla.1989). The Court now begins its analysis by applying these six factors to determine the nature of the debt.

#### (a) Contingencies on Payment

■ The obligation to pay attorney's fees to wife's attorney is not subject to contingencies, such as death or remarriage.

#### (b) Incomes of the Parties

The Court finds that the attorney's fees awarded here were not fashioned to balance the equity in income because both parties incomes were equal. Rather, the attorney's fees were awarded to remedy an unequal distribution of assets and liabilities between former husband and his former wife.

#### (c) Pattern of Payment of Debt

The state court ordered payment in monthly installments of $100.00 commencing December 1, 1994.

#### (d) Need for Child Support

At the time of the divorce, the couple had two minor children, both of whom resided with the former wife who had primary responsibility for their daily care. The state court simply used the Florida Child Support Statute formula to compute the amount each parent should contribute to child support. (Plaintiff's Ex. 8 at 8–9). The state court found that the wife should contribute to 51% to the support of the children, and the husband contributes 49% to support of the children. (Plaintiff's Ex. 8 at 2).

#### (e) Health and Education of the Parties

Neither former husband nor wife's attorney presented evidence that would contradict the fact that both former husband and former wife are healthy. No evidence was presented about the education level of either party.

#### (f) Need for Spousal Support

At the time of the divorce, both former husband's and former wife's salary levels were essentially equal. The state court denied former wife's request for alimony or spousal support. (Plaintiff's Ex. 8 at 3). The former wife and the children remained in the home jointly owned by both former husband and former wife. (Plaintiff's Ex. 8 at 1).

Thus, only the third and fourth factors support the conclusion that the debt is in nature of alimony. The Court therefore finds that the award of attorney's fees is not in the nature of support.

#### 3. Intent of the State Court

■ The Court also inquires into the state court's intent in determining whether the obligation created in the divorce decree is dischargeable in Bankruptcy. *In re Heverly,* 68 B.R. 21, 22 (Bankr.M.D.Fla.1986). Under Florida Statute section 61.16,[1] a court is allowed to award attorney's fees where financial circumstances of husband and wife are unequal. *Naugle v. Naugle,* 632 So.2d 1146, 1147 (Fla.Dist.Ct.App.1994). The purpose of the statute "is to assure that each party in a dissolution of marriage case has a similar ability to secure competent counsel." *Id.* If both parties are in equal financial positions, it is an error for the court to grant attorney's fees. *Id.; See Gard v. Gibson,* 103 B.R. 218, 221 (Bankr. 9th Cir.1989) (stating that, "virtually all the cases look to the fact that the award of attorney's fees was based upon the need of the recipient spouse or the financial circumstances of the parties determining that the attorney's fees are support."); *Heverly,* 68 B.R. at 23 (stating that, "[t]he allowance of attorney's fees in Florida is based on the same consideration as alimony, i.e. financial need.").

■ This Court finds that state court's Award of Attorney's Fees was not in the nature of support. The evidence presented at trial clearly shows that the attorney's fees were granted based on an apparent inequity of assets and liabilities favoring former husband. Former wife, through her attorney, acquired fewer assets and absorbed more liabilities than former husband. (Plaintiff's Ex. 8 at 2–3) (stating that, "[former wife] agreed to assume a substantial portion of the liabilities."). Wife's attorney, on behalf of his client, asked the state court to determine the issue of attorney's fees after the Final Dissolution of Marriage was entered. (Plaintiff's Ex. 8 at 11). Consequently, the state court, intending to create a more equitable situation, granted former wife's request for attorney's fees. (Plaintiff's Ex. 12). The Award of Attorney's Fees, in this case, was therefore based on an unequal distribution of property, not financial need.

Former husband has met his burden by preponderance of the evidence by showing that it was intent of the parties to equalize the distribution of property and purpose of the obligation was not in the nature of support. Therefore, attorney's fees are not ex-

---

1. Section 61.16 provides, in part, that:
 The court may from time to time, *after considering financial resources of both parties,* order a party to pay a reasonable amount of attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
 Fla.Stat. ch. 61.16(1) (1993) (emphasis added).

cepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

## CONCLUSION

Former husband has established by preponderance of the evidence that the attorney's fees are not excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) because the fees are not in the nature of support. The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

## JUDGMENT

THIS adversary proceeding came before the Court upon Michael Alan Wester's complaint to determine dischargeability of attorney's fees pursuant to 11 U.S.C. § 523(a)(5). Upon evidence presented at trial, it is

ORDERED:

1. Judgment is entered in favor of the plaintiff, Michael Alan Wester, against the defendant, Barry L. Zisser.

2. Pursuant to section 523(a)(5), plaintiff's obligation to pay attorney's fees as set forth in Order Awarding Attorney's fees, case number 93–9509–FM, in Circuit Court, Fourth Judicial District, in and for Duval County, Florida, is not excepted from plaintiff's discharge.

3. The award of $3,500.00 of attorney's fees is in the nature of property settlement, not intended as support, and is dischargeable.