COBB, Judge.
The sole issue on this appeal is whether the lower court erred in awarding attorney’s fees to the former wife.
After careful consideration of the record and briefs, we find that while the non-marital assets of the former husband were relevant in determining ability to pay attorney’s fees, they were generally offset by the large amount of marital debt which the former husband had to- assume.
Given the excess marital debt and considering that the former husband’s monthly income was essentially depleted by child support and alimony, the lower court should have ordered the parties to pay their own attorney’s fees. Mauck v. Mauck, 702 So.2d 1311 (Fla. 5th DCA 1997). See also Boyett v. Boyett, 683 So.2d 1140, 1143 (Fla. 5th DCA 1996), approved, 703 So.2d 451 (Fla.1997); Naugle v. Naugle, 632 So.2d 1146, 1147 (Fla. 5th DCA 1994); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985); Zulywitz v. Zulywitz, 473 So .2d 275, 276 (Fla. 5th DCA 1985).
Accordingly, the August 13, 1996 order on attorney’s fees is reversed.
REVERSED.
THOMPSON and ANTOON, JJ., concur.