**In re Barton Howard KLAYMAN,
a/k/a Barry Klayman, Debtor.**

**Deborah Klayman, Plaintiff,**

**v.**

**Barton Howard Klayman, Defendant.**

**Bankruptcy No. 96–13075–9–P7.
Adversary No. 98–423.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 26, 1999.

Richard Johnston, Jr., Ft. Myers, FL, for plaintiff.

Jeffrey Leasure, Ft. Myers, FL, for defendant.

## FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

The claim of nondischargeability of a debt asserted in this Chapter 7 case by Deborah Klayman (Ms. Klayman) is based on 11 U.S.C. § 523(a)(5). The debt at issue is an obligation imposed on Barton Howard Klayman (Debtor) by the Final Judgment that dissolved the marriage of Ms. Klayman and the Debtor. The record reveals the following undisputed facts relevant to the issue under consideration.

On July 9, 1993, the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division entered a Final Judgment of Dissolution of Marriage of the Debtor and Ms. Klayman. The Final Judgment incorporated a Marital Settlement Agreement (Plaintiff's Exhibit #1) of the parties. The Agreement obligated the Debtor to pay to Ms. Klayman alimony, child support, and a sum fixed as property settlement. It is without dispute that as of the date of the commencement of this Chapter 7 case, the Debtor was indebted to Ms. Klayman $198,000.00 for alimony and $360,000.00 for property settlement.

The provision relevant to the issue under consideration is set forth in Paragraph 5.1 of the Agreement, which reads as follows:

Barry shall maintain life insurance in the amount of Five Hundred Thousand Dollars ($500,000.00), providing that Debby is the irrevocable beneficiary of said policy until Barry has satisfied all of his financial obligations to Debby pursuant to this Agreement. The amount of insurance may be reduced as his financial obligations to Debby are satisfied in amounts as agreed upon by the parties, which agreement, if any, shall be evidenced in writing, and provided there shall be no reduction in the Five Hundred Thousand Dollar ($500,000.00) amount of insurance until the amounts due in paragraph 6.3A and the first payment pursuant to paragraph 6.3B are made in full.

The Debtor's obligation to pay the alimony and child support obligation is not in dispute. Ms. Klayman contends that the Debtor's obligation to maintain life insurance until all of the Debtor's obligations are satisfied is also in the nature of maintenance and support, and therefore is within the exception to discharge of 11 U.S.C. § 523(a)(5).

■ Section 523(a)(5) provides that "a discharge does not discharge an individual debtor from any debt to a spouse, former spouse or child of the debtor, for alimony to, maintenance for or support of such spouse of children, in connection with a separation agreement...." It is well established that whether an obligation imposed on a Debtor in connection with the dissolution of the Debtor's marriage is a federal question. *Matter of Woods,* 561 F.2d 27 (7th Cir.1977). When determining the dischargeability of a debt owed to a Debtor's former spouse imposed by a final decree dissolving the marriage, the court's task is to determine what function the award was intended to serve, regardless of the label placed on the award. If the debt deals with property settlement, the debt is discharged regardless of the label put on the obligation. *In re Burns,* 149 B.R. 578, 581 (Bankr.E.D.Mo.1993); *In re Garrard,* 151 B.R. 598 (Bankr.M.D.Fla.1993).

■ It is not unusual that a Marital Settlement Agreement requires the spouse who is responsible for paying the other spouse monies over a specified time period to procure and maintain life insurance. The purpose of such a requirement is obvious. It is designed that in case of the paying-spouse's untimely death, the spouse who ordinarily would lose all alimony and child support payments will be assured and can be satisfied from the insurance benefits. Thus, to the extent the requirement to maintain life insurance is directly related to the alimony, maintenance, and child support obligation, the obligation to maintain life insurance obviously falls within the exception of § 523(a)(5) as do the obligation to pay alimony, maintenance, and child support.

■ In the present instance, the Marital Settlement Agreement required the Debtor to pay alimony and maintenance to Ms. Klayman in the amount of $5,500.00 per month for 60 months, or a total of $330,000.00. The parties stipulated that this obligation is nondischargeable. In addition, the Debtor was responsible for a $200,000.00 home equity loan (Agreement Paragraph 6.1) and for paying Ms. Klayman a total of $418,500.00, payable as follows: $173,500.00 within 6 days of the Agreement's execution (Agreement Paragraph 6.3A) and $81,666.66 in three annual installments, or a total of $413,500.00 (Agreement Paragraph 6.3B). The parties stipulated that all amounts due under Article 6.are in the nature of property settlement and are dischargeable.

Ms. Klayman contends that notwithstanding the provision in Article 6, the Debtor's obligation to maintain life insurance in the face amount of $500,000 is nondischargeable because Paragraph 5.1 provides that the Debtor has the obligation to maintain life insurance until **all** financial obligations of the Debtor are satisfied. In addition, counsel for Ms. Klayman placed great emphasis on the disparity in the parties' respective earning capacities as well as other factors considered by the court in *Matter of Dennis*, 25 F.3d 274 (5th Cir.1994). However, in the present instance, the *Dennis* factor is not relevant simply because applying the functional test clearly shows that while the requirement to maintain life insurance referred to all financial obligations imposed on the Debtor by the Final Judgment, it was to assure the alimony and support payment on the Debtor's untimely death was clearly nondischargeable but also an obligation that the parties agreed to be a dischargeable debt.

It follows from the foregoing that the Debtor's obligation to procure life insurance in the amount of the outstanding balance on the alimony should be $198,000.00, not the $360,000.00 still owed on the property settlement.

A Final Judgment will be entered in accordance with the foregoing.