**In re David Joseph PRATER, Debtor.**

**Hal Castillo, Plaintiff,**

**v.**

**David Joseph Prater, Defendant.**

**Bankruptcy No. 98–05842–3P7.
Adversary No. 98–165.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 5, 1999.

Ronald Bergwerk, Jacksonville, FL, for Plaintiff.

E. Warren Parker, Jr., Jacksonville, FL, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Hal Castillo's ("Plaintiff") complaint to determine the dischargeability of attorney's fees. Plaintiff contends that the award of attorney's fees to him is not in the nature of a property settlement and is thus nondischargeable. After a hearing on December 8, 1998, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. David Joseph Prater ("Defendant") and Won Ok Prater ("Former Wife") were married on July 3, 1990. Two children were born to the marriage. The Final Judgment dissolving their marriage was entered on November 29, 1995. (Pl. ['s] Ex. 1.) Plaintiff represented Former Wife in the divorce proceeding.

2. Before the award of child support, the state court found that Defendant's net monthly earnings ranged from $1,979.29 to $2,070.20. Former Wife's net monthly earnings ranged from $727.66 to 787.66. From April, 1993, until approximately October, 1995, former wife held nine different jobs. In its Final Judgment the state court ordered Defendant to pay $949.16 per month to Former Wife for child support as provided by Chapter 61 of the Florida Statutes. In addition, the court found that Defendant made 74% of the parties' income while Former Wife made 26% of the parties' income. (Pl. ['s] Ex. 1.)

3. In the Final Judgment of Dissolution of Marriage Defendant was awarded assets totaling $2,900.00. Former Wife was awarded assets totaling $1,635.00. There were no marital debts. Former Wife's request for rehabilitative alimony was denied. (Pl. ['s] Ex. 1.)

4. The state court retained jurisdiction as to an award of attorney's fees. By an Order dated June 27, 1996, the state court ordered Defendant to pay $12,000 of Former Wife's approximately $33,000 in legal fees. (Pl. ['s] Ex. 3.)

5. On July 20, 1998, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (Doc. 1.)

6. On September 23, 1998, Plaintiff filed an adversary proceeding seeking to except from discharge pursuant to 523(a)(5) the debt owed to him by Defendant. (Adv.Doc. 1.)

7. Both parties submitted Motions for Summary Judgment. On September 25, 1998, the Court denied both motions. (Adv. Doc. 11.)

8. This Court held a trial on December 8, 1998. Defendant argued that the state court failed to obtain new evidence regarding the parties' financial situations between the time of the Final Dissolution and the Order Awarding Attorney's Fees.

### CONCLUSIONS OF LAW

The issue before the Court is whether the award of attorney's fees to Plaintiff is support pursuant to 523(a)(5) and is thus

nondischargeable or whether it is in the nature of a property settlement and is therefore dischargeable. Plaintiff contends that the balance of the attorney's fees owed to him is in the nature of support and is excepted from discharge.

11 U.S.C. § 523 provides, in relevant part:

(a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, ... or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....

11 U.S.C. § 523(a)(5) (1999).

■ The determination of whether an award of attorney's fees in a state court dissolution action constitutes support as defined by 523(a)(5) is a matter of federal law. *In re Strickland,* 90 F.3d 444, 446 (11th Cir.1996), *In re Wester,* 187 B.R. 358, 361 (Bankr.M.D.Fla.1995) (citing *In re Garrard* 151 B.R. 598, 601 (Bankr.M.D.Fla.1993)).

■ This Court focuses on the following six factors in making that determination.

1) Whether the obligation under consideration is subject to contingencies, such as death or remarriage;

2) Whether the payment was fashioned to balance disparate incomes of the parties;

3) Whether the obligation is payable in installments or a lump sum;

4) Whether there are minor children involved in a marriage requiring support;

5) The respective physical health of the spouse and the level of education.; and

6) Whether, in fact, there was need for spousal support at the time of the circumstances of the particular case.

*Wester,* 187 B.R. at 361 (citations omitted).

■ The party seeking an exception to discharge has the burden of proof and must prove its case by a preponderance of the evidence. *Id.* at 361 (citing *In re Burch,* 100 B.R. 585, 589 (Bankr.M.D.Fla.1989)). The Court must analyze the preceding factors as they apply to this case.

## I. Contingencies on Payment

Defendant's obligation to pay Former Wife's attorney's fees is not subject to contingencies, such as death or remarriage. This factor supports a conclusion that the award is a property settlement.

## II. Incomes of the Parties

Before the award of child support, Defendant's monthly net income ranged from $1,979.29 to $2,070.20. Former Wife's monthly net income ranged from $727.66 to 787.66. In its Final Judgment the state court denied Former Wife's request for rehabilitative alimony, stating "after the award of child support, the parties have almost equal outcomes and that the husband does not have the ability to pay rehabilitative alimony to the wife." (Pl. ['s] Ex. 1 at 7.) However, in its Order Awarding Attorney's Fees, the court stated that it **"has considered the Financial Affidavits filed by the parties in these proceedings and finds that the former Husband, who is in a superior financial position compared to the Former wife and should be required to contribute to the former wife's fees and costs."** (emphasis supplied); (Pl. ['s] Ex. 3 at 2.) The state court offered no further support for its decision to require Defendant to pay a portion of Former Wife's attorney's fees. It is the bankruptcy Court that determines whether an award of attorney's fees is alimony or support. Although the Court recognizes that the state court contradicted itself as to the parties' incomes, the Court looks to the Order Awarding Attorney's Fees and concludes that the award was fashioned to balance disparate incomes of the parties.

## III. Pattern of Payment of Debt

The obligation here is payable in installments beginning on July 1, 1996. This factor supports a conclusion that the award is support.

## IV. Need for Child Support

The minor children live with Former Wife who has primary responsibility for their daily care. Pursuant to Fla. Stat. § 61.16, the state court calculated Defendant's contribution to the childrens' support to be 74% and the Former Wife's to be 26%. This factor supports the conclusion that the award is support.

## V. Health and Education of the Parties

There is no evidence to indicate that either party is not healthy. Former Wife graduated from high school. Defendant graduated from high school and attended college for two years. The fact that Defendant has two years of college compared to Former Wife's high school education supports the conclusion that the award is support. The Court notes that Defendant held the same job from September, 1992, up to the date of the Final Judgment on November 29, 1995. Former wife, on the other hand, held nine jobs from April, 1993, until the final hearing.

## VI. Need for spousal support

Defendant points out that the instant case is similar to *Wester* in that the state court in both cases specifically found no need for alimony or support. The difference between the instant case and *Wester* is that the salary levels of the parties in *Wester* were essentially the same before the award of child support. Here the state court found that the parties' incomes were almost equal after the award of child support and that consequently Defendant did not have the ability to pay rehabilitative alimony to Former Wife. Prior to the award of child support, however, Defendant's net earnings were more than twice that of Former Wife. This factor supports a conclusion that there was a need for spousal support.

■■■■ In addition to the above factors, this Court looks to the state court's intent when it awards attorney's fees to determine whether the obligation created by the award is dischargeable in bankruptcy. *In re Heverly*, 68 B.R. 21, 22 (Bankr.M.D.Fla.1986). "Need and ability to pay are the primary elements to be considered in deciding entitlement to attorney's fees in chapter 61 proceedings." *Rosen v. Rosen*, 696 So.2d 697, 698 (Fla.1997). In its Order Awarding Attorney's Fees the state court found that Defendant was in a superior financial position. By virtue of this finding, the state court considered need and ability to pay when it ordered Defendant to pay Former Wife's attorney's fees. Defendant contends that the state court erred when it awarded attorney's fees to Former Wife because of its previous determination that the parties' incomes were almost equal. The issue before the Court is "whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support", *In re Harrell*, 754 F.2d 902, 906 (11th Cir.1985), not whether the state court's award itself was proper. The Court finds that the state court's intent is consistent with the characterization of the award as support. Debtor's contention that this Court should find that the state court's award was improper and that the attorney's fees are therefore nondischargeable is without merit.

The Court finds that the state court's award of attorney's fees was in the nature of support. Factors two through six support such a conclusion. In addition the state court intended the award to be support. Defendant's obligation to pay Former Wife's attorney's fees `is therefore excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

### CONCLUSION

Plaintiff has established by preponderance of the evidence that the attorney's fees are in the nature of support and are therefore excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Court will enter a separate judgment consistent with these Findings of Fact and Conclusions of Law.