In re William R. EDWARDS, a/k/a Randy Edwards, Debtor.

Elizabeth Blackburn–Gardner, Plaintiff,

v.

William R. Edwards, a/k/a Randy Edwards, Defendant.

Bankruptcy No. 00–3419–3F7.
Adversary No. 00–239.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 19, 2001.

Denise E. Barnett, Smith Hulsey & Busey, Jacksonville, FL.

Dennis Wells, Advocate Legal Group, P.A., Orlando, FL.

Stephen Edward Silkowski, Jacksonville, FL.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court upon Elizabeth Blackburn–Gardner's ("Plaintiff") complaint to determine the dischargeability of attorney's fees. The Court conducted a trial on April 12, 2001, and based on the evidence presented and arguments made, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. William R. Edwards ("Defendant" or "Debtor") and Robin Dea Edwards ("Former Wife") were married on December 14, 1980. One child was born into the marriage. (Pl.'s Ex. 1). On December 6, 1999, the Circuit Court of Seventh Judicial Circuit in Volusia County (the "State Court") entered a Final Judgment of Dissolution of Marriage with Dependent or Minor Child (the "Final Judgment"). (Id.). Plaintiff represented the Former Wife in the divorce proceedings.

2. The Final Judgment ordered the Defendant to pay his Former Wife permanent alimony payments in the amount of $600 per month beginning the first of each month as of December 1, 1999. (Id. at 7). The alimony payments will continue until modified by a court order, the death of either party or remarriage of the obligee, whichever occurs first. (Id.). The Defendant is also obligated to pay child support in the amount of $393.74 per month beginning December 1, 1999. (Id.).

3. The State Court specifically found that, in addition to the statutory requirements under Fla. Stat. § 61.01, the Former Wife had no marketable skills and was capable of only maintaining a minimum wage job. (Id.).

4. The child support guidelines worksheet attached to the Final Judgment shows that, at the time of the divorce, the Former Wife's net income was $792.38 per month, while the Defendant's net income was $2,651.35 per month. (Pl.'s Ex. 1). The Defendant made over sixty percent (60%) of the parties' income, while the Former Wife had less than forty percent (40%) of the parties' income (after taking into account the alimony payments). (Id.).

5. The State Court found that there was a need for and an ability to pay attorney's fees, costs and suit money. (Id. at 11). The State Court ordered the Defendant to pay an undetermined amount in attorney's fees and an undetermined amount in costs. (Id.). The State Court reserved jurisdiction to determine the specific amount of fees and costs. (Id.). On January 27, 2000, the State Court entered a judgment for attorney's fees in the amount of $7,700. (Pl.'s Ex. 3).

6. On May 4, 2000, the Defendant filed his voluntary petition seeking protection under Chapter 7 of the Bankruptcy Code. (Main Doc. 1). On August 11, 2000, this adversary proceeding was filed to determine dischargeability of the attorney's fees pursuant to 11 U.S.C. § 523(a)(5). (Adv. Doc. 1).

7. On October 2, 2000, the Defendant filed his answer to the complaint to determine dischargeability of the attorney's fees. (Adv.Doc. 5). The Defendant asserted several affirmative defenses stating that (i) the fees awarded were not subject to contingency such as death and remarriage, (ii) the final judgment of dissolution of marriage balanced the division of assets and liabilities, (iii) the award of attorney's fees was a property settlement and not the balance of disparate income between the parties, (iv) the award of attorney's fees was a property settlement and not in the form of support, (v) the existence of a

minor child should not be a determining factor of whether to treat attorney's fees as support or property settlement, (vi) both parties are healthy and therefore the physical health and education of the parties of the marriage should not be considered in determining whether attorney's fees are treated as support or property settlements, and (vii) the need for support should not be a determining factor in awarding attorney's fees. (*Id.*).

8. This Court held a trial on April 12, 2001. Defendant argued that the State Court found the attorney's fees are not in the nature of support. Plaintiff contends that they are.

### CONCLUSIONS OF LAW

The sole issue before the Court is whether the award of attorney's fees to Plaintiff in the amount of $7,700 is in the nature of support and is thus nondischargeable pursuant to 11 U.S.C. § 523(a)(5). In relevant part, section 523(a)(5) of the Bankruptcy Code states:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

.  .  .  .  .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State of territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Gov-

ernment or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

11 U.S.C. § 523(a)(5)(2000).

The party seeking to declare a debt nondischargeable has the burden of proof and the standard of proof is preponderance of the evidence. Fed. R. Bankr.P. 4005; *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 659–660, 112 L.Ed.2d 755 (1991). The bankruptcy court has to make a determination as to whether the debt is in the nature of alimony or support, or part of a property settlement, in deciding whether to declare the debt nondischargeable. *Cummings v. Cummings,* 244 F.3d 1263, 1266 (11th Cir.2001); *Castillo v. Prater (In re Prater),* 231 B.R. 819, 821 (Bankr.M.D.Fla.1999) (Proctor, J.). If the debt is in the nature of support, the debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(5). (*Id.*). Federal bankruptcy law, not state law, determines whether a debt is in the nature of support or property settlement. (*Id.*). Therefore, the terms or labels used in the state court's judgment are not controlling on the issue. (*Id.*). The courts must make an independent evaluation of whether the debt is in the nature of alimony or support, and thus, is nondischargeable. (*Id.*).

Some courts have traditionally used the following six factors in evaluating the nature of a debt:

1. Whether the obligation under consideration is subject to contingencies, such as death or remarriage.

2. Whether the payment was fashioned in order to balance disparate incomes of the parties.

3. Whether the obligation is payable in installments or in a lump sum.

4. Whether there are minor children involved in a marriage requiring support.

5. The respective physical health of the spouse and the level of education.

6. Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*Id.; Rosenblatt v. Wittlin (In re Rosenblatt),* 176 B.R. 76, 78 (Bankr.S.D.Fla.1994) (Cristol, C.J.).

Other courts have ruled that attorneys' fees are nondischargeable when the fees are directly related to or inextricably intertwined with support obligations. *See, e.g., Prater,* 231 B.R. at 821 (holding that the debtor's obligation to pay attorneys' fees was imposed based on the debtor's superior financial position and consequently was in the nature of nondischargeable support); *Smallwood v. Finlayson (In re Finlayson),* 217 B.R. 666, 669 (Bankr. S.D.Fla.1998) (Mark, J.) (holding that the debtor's obligation to pay attorneys' fees was properly characterized as nondischargeable support even though the majority of the issues litigated in the state court case involved the equitable distribution of assets and not maintenance or support issues); *Konicki v. Kelly (In re Konicki),* 208 B.R. 572, 574 (Bankr.M.D.Fla.1997) (Paskay, J.) (holding that the attorneys' fees were nondischargeable); *Louis v. Coleman (In re Coleman),* 152 B.R. 783, 785 (Bankr.M.D.Fla.1993) (Proctor, J.) (holding that the debtor's obligation to pay attorneys' fees was nondischargeable); *Kahoe v. Williams (In re Williams),* 151 B.R. 605, 607 (Bankr.M.D.Fla.1993) (Proctor, J.) (holding that the award of attorneys' fees was nondischargeable).

### *Application of the Law to the Facts*

■ Irrespective of which approach or method of determination the Court adopts, the attorney's fees in this case are nondischargeable. The attorney's fees in this proceeding were awarded in connection with alimony and child support. The award of attorney's fees was an integral part of the Final Judgment and was intertwined with the award of permanent alimony and child support. Therefore, following the analysis of the majority of courts, the attorney's fees in this case are nondischargeable because they were awarded in connection with an award of alimony and child support.

The same is true when applying the six factors outlined in some of the cases. A majority of the six factors weighs in favor of treating attorney's fees as nondischargeable. With the first factor regarding contingencies on payment, the State Court awarded permanent alimony, which is subject to contingencies such as death or remarriage. The Court has examined the award of alimony and child support, together with the award of the attorney's fees as a whole and concludes that this factor weighs in favor of treating the attorney's fees as nondischargeable.

Secondly, the Court examines the income of the parties. This factor weighs in favor of treating the award of attorney's fees as support because the award of attorney's fees was fashioned to balance the parties' incomes. At the time of the divorce, the Former Wife's net income was $792.38, while the Defendant's net income was $2,651.35. The State Court awarded the Former Wife $600 per month permanent alimony to balance the wide disparity in both parties' income. In addition, the Defendant made over 60% of the parties' income and the wife less than 40% of the parties' income. Further, the State Court ordered the Defendant to pay child support in the amount of $393.74 monthly. The State Court specifically also stated that: "The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. Respondent is hereby

ordered to pay to the other party an undetermined amount in attorney fees, and undetermined amount in costs." (Pl.'s Ex 1 at 11). Therefore, this factor weighs in favor of treating the State Court's award of attorney's fees as support, not property settlement.

The third factor is the pattern of payment of the debt. Although the Judgment for Attorneys' Fees ordered that fees be paid within ninety (90) days from the date of the judgment, the attorney's fees were awarded in connection with alimony or support and are deemed to be nondischargeable. *See Konicki*, 208 B.R. at 574; *See Prater*, 231 B.R. at 821.

The fourth factor, whether a minor child is involved, weighs in favor of treating the attorney's fees as support. There is a minor child involved in this case. The minor child lives with the Former Wife who has the primary responsibility for the child's care. The Defendant is ordered to pay child support in the amount of $393.74 per month. Therefore, this factor weighs in favor of concluding that the award of attorney's fees is in the nature of support, not property settlement.

The fifth factor addresses the respective physical health and level of education of the spouses. Plaintiff testified that the State Court relied on testimony that the Former Wife had various health issues in deciding to award permanent alimony and child support. The State Court also found that the Former Wife had no marketable skills and was only capable of working at a minimum wage job. Therefore, this factor weighs in favor of treating the award of attorney's fees as support.

Finally, the sixth factor, the need for spousal support, weighs in favor of treating the attorney's fees as support, not property settlement. The State Court awarded the wife $600 per month permanent alimony. The State Court's decision would be based, in part, on the following factors: (i) The financial resources of each party to the marriage; (ii) All sources of income available to either party; and (iii) The wife has no marketable skills and is only capable of working at a minimum wage job which would be insufficient to support and maintain the lifestyle that existed during the course of the marriage. Therefore, this factor supports treating the award of attorney's fees as support.

In sum, this Court concludes that the attorney's fees award is excepted from the Defendant's discharge and the attorney's fees are not dischargeable pursuant to 11 U.S.C. § 523(a)(5). The attorney's fees were awarded based on the need of the Former Wife and Defendant's ability to pay. The State Court made sufficient findings as to the need of the Former Wife and Defendant's ability to pay. The attorney's fees were awarded in conjunction with alimony and child support. Also, applying the various factors used by some courts, the attorney's fees are not dischargeable pursuant to 11 U.S.C. § 523(a)(5).

If these findings of fact and conclusions of law conflict with the Court's oral ruling in open court, then these findings of fact and conclusions of law are final.

### CONCLUSION

Plaintiff has established by preponderance of the evidence that the attorney's fees are in the nature of support, and therefore, are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Court will enter a separate judgment consistent with these Findings of Fact and Conclusions of Law.